ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CARMEN J. RAMÍREZ PEDRAZA; Y OTROS PETICIONARIO<br><br>v.<br><br>HAROLD JAIME BOSH ARIGA; Y OTROS RECURRIDO | TA2025CE00783 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm: G AC2011-0170<br><br>Sobre: Nulidad por fraude a acreedores |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Comparecen ante esta Curia los miembros de la Sucesión de Carmen Julia Ramírez Pedraza y otros (Sucesión o Peticionarios), mediante un recurso de *Certiorari,* acompañado de una *Moción en Auxilio de Jurisdicción.* Nos solicitan que paralicemos el inicio del juicio en su fondo correspondiente al caso de epígrafe, pautado para comenzar el 24 de noviembre de 2025, y que ordenemos al Tribunal de Primera Instancia, Sala Superior de Guayama (TPI o foro primario) a adjudicar su *Solicitud de Sentencia Sumaria en Armonía con la Regla 36.1 de Procedimiento Civil.*

Por los fundamentos que expondremos a continuación, declaramos no ha lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari.* Veamos.

**I.**

La presente causa de acción civil inició, el 14 de marzo de 2011, con la presentación de una demanda que la Sucesión incoó en contra de Harold Bosh Artiga y otros (Recurridos). Finalizado el descubrimiento de prueba, el 30 de junio de 2012, y después de más

[1] OATA-2025-229.

de una década, tras múltiples incidencias procesales que no son necesarios pormenorizar, se celebró la Conferencia con Antelación a Juicio, el 29 de enero de 2025. Surge de la *Minuta* correspondiente que, el juicio fue señalado para comenzar el 16 de junio de 2025. Sin embargo, llegado el día, el señalamiento se convirtió en una vista sobre el estado de los procedimientos, luego de que, el TPI adviniera en conocimiento de que era necesario nombrar un defensor judicial para representar a Edwin Ramírez Rodríguez, como parte en rebeldía menor de edad. A esos efectos, el foro primario emitió una *Resolución,* el 7 de julio de 2025. Surge de su pronunciamiento que, además del referido nombramiento, en reconsideración, concedió un término de veinte (20) días a la Sucesión para presentar un petitorio sumario, contados a partir de que comparezca por escrito el designado defensor judicial. En su dictamen, el foro primario señaló, para el 27 de octubre de 2025, la Vista sobre el Estado Procesal y el juicio en su fondo para los días 24 al 26 de noviembre de 2025 y 12 al 14 de enero de 2026.

Luego de que el foro primario concedió una prórroga a la Sucesión para instar su petitorio sumario, dicha parte presentó su moción dispositiva, el 9 de septiembre de 2025. Acto seguido, el TPI ordenó a los Recurridos exponer su posición. En respuesta, el codemandado José Colón Claudio instó una *Moción de Desestimación en Solicitud de Sentencia Sumaria,* a la cual se unió el Lic. Malavé Núñez, en representación de la parte demandada. En síntesis, argumentaron que la Sucesión presentó su petitorio sumario tardíamente, tras haber solicitado una prórroga, vencido el plazo inicialmente concedido. Separadamente, el designado defensor judicial instó su *Moción Fijando Posición sobre Solicitud de Sentencia Sumaria.*

Tras la sustitución del juez que presidía los procedimientos ante el foro primario, el 3 de octubre de 2025, el Hon. Juan A. Reyes Colón, atendió los referidos petitorios interlocutorios pendientes ante su consideración y, a esos efectos, notificó una *Resolución*

mediante la cual declaró sin lugar de plano la moción de sentencia sumaria de la Sucesión. Sustentó lo antes en que, el referido petitorio era tardío y contravenía los términos dispuestos en la Regla 36.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. En particular expresó:

> [e]stablecido el hecho de que la moción se ha presentado luego de transcurrido dicho término, procede que se deniegue la moción de sentencia sumaria por haber sido presentada tardíamente y el tribunal no debe promover la dejadez. La presente determinación, no resulta en un agravi[o] a la parte demandante. El caso se dilucidará en sus méritos en el juicio en sus méritos. La sentencia sumaria es un remedio discrecional[.] García Díaz v. Darex P.R. Inc, 148 D.P.R. 364 (1999).

Luego de procurar sin éxito la reconsideración del dictamen impugnado ante el foro primario, la Sucesión comparece ante esta Curia mediante un recurso de *Certiorari,* acompañado de una *Moción en Auxilio de Jurisdicción*, y le imputa al foro primario lo siguiente:

> Incurrió en error el TPI, Hon. Juan A Reyes Colón, al declarar sin lugar la Solicitud de Sentencia Sumaria autorizada por el Hon. Castro Cintrón, utilizando como fundamento que la misma era tardía, revocando la Resolución del Hon. Héctor A. Castro Cintrón, quien meses antes había autorizado a la parte demandante recurrente a presentarla ya que es contraria a derecho.

> Incurrió en error el TPI, Hon. Juan A Reyes Colón, al declarar que la Solicitud de Sentencia Sumaria tardía, cuando la Resolución notificada por el Hon. Héctor A. Castro Cintrón el 22 de julio de 2025, autorizando la presentación de la Solicitud de Sentencia Sumaria ya que se había convertido en final y firme.

Hemos examinado con detenimiento el escrito y el apéndice sometido por la parte peticionaria y optamos por prescindir de los términos, escritos o procedimiento ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B; R. 7(b)(5). Resolvemos.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et*

*al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones,

según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

### B. Manejo del caso ante el Tribunal de Primera Instancia

El funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Es por ello, que, a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar

correctivos apropiados en la forma y manera que su buen juicio les indique. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 205 (2023). El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Íd.* El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

En lo pertinente al caso de marras, la Regla 64 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 64, dispone el proceso de sustitución de un juez, quien podrá actuar en su lugar para continuar entendiendo en un asunto. Sobre este tema, el Alto Foro resolvió en *Meléndez Vega v. El Vocero de PR,* 189 DPR 123, 140 (2013) que, el juez sustituto goza de discreción para "determinar si puede desempeñar los deberes involucrados en la continuación de un caso que comenzó otro juez, independientemente de cuáles sean esos deberes y el momento cuando ocurre la sustitución."

**III.**

Los Peticionarios solicitan nuestra intervención para dejar sin efecto la *Resolución* del TPI, mediante la cual, declaró sin lugar -de plano- su petitorio sumario por tardío y por instarse en violación a los términos que establece la Regla 36.1 de Procedimiento Civil, *supra.* En esencia, los Peticionarios cuestionan la determinación interlocutoria que emitió el juez que heredó esta causa, mediante la

cual, denegó de plano su petitorio sumario, para dar paso al juicio en su fondo que está próximo a comenzar, el 24 de noviembre de 2025 según fue notificado previamente.

Cabe reiterar que, una vez el Hon. Juan A. Reyes Colón asumió su función judicial sobre esta materia, al atender los petitorios interlocutorios pendientes ante sí, notificó el pronunciamiento impugnado. Lo antes, en el contexto de que, se trata de un pleito que se originó en el año 2011, cuyo descubrimiento de prueba finalizó en el 2012, y, tras catorce (14) años de litigio y de varias posposiciones del inicio del juicio en su fondo, el mismo está próximo a atenderse en sus méritos.

Evaluado el recurso de epígrafe y la *Moción en Auxilio de Jurisdicción* que la acompaña, al amparo de los criterios para la expedición del auto de c*ertiorari* de la Regla 40 del Reglamento de este Tribunal, *supra,* concluimos que el recurso no presenta un asunto que justifique nuestra intervención en esta etapa. Ante el inminente inicio del juicio en su fondo, y tras catorce (14) años de litigio, nada nos sugiere que, el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho, por lo que, resolvemos que no procede nuestra intervención con la determinación recurrida en esta etapa de los procesos. Entendemos que el TPI procederá a celebrar el juicio en los méritos, sin que ello redunde en un perjuicio a la Sucesión. Por tal razón, nos abstendremos de intervenir en el manejo que realiza el foro *a quo.* Tampoco nos encontramos ante una situación excepcional que amerite expedir el auto solicitado.

**IV.**

Por los fundamentos expuestos, declaramos no ha lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *Certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones